## HIRAM WHITCOMB *versus* IRA PORTER
### January 13, 1838.

E. B. Harrington, attorney for plaintiff in certiorari.
A. D. Fraser, attorney for defendant in certiorari. ·

[INDORSEMENT]

Ira Porter Deft. in Error

vs—

Hiram Whitcomb Plf. in Error

[OPINION]

| Ira Porter Deft. in Error<br>vs—<br>Hiram Whitcomb Plf.<br>in Error | Sup. Ct. first Circuit Jan[y] Tr.<br>1838 |

Certiorari to a Justice of the Peace.

By the record certified to this Court by the justice, it appears that on the 29th Dec[r] 1835, the Deft. in Error, Porter recovered a judg[t] before Justice Baker against one Chamberlin, for $88.20—execution was stayed pursuant to the Statute, on the 20th day of Jan[y] 1837 Porter prayed out an execution upon the judg[t] which was renewed by a proper endorsement, by the Justice on the 21st May 1837, and on the same day placed in the hands of Whitcomb, then a constable of the town of                    to levy serve and return—On the 29th day of the same May, Whitcomb, having made no levy or return of the execution, and the time having elapsed in which it could be levied, the creditor moved the Justice that judg[t] be entered in his favor against the constable, Whitcomb, for the Am[t] of the execution, with damages, interest & cost—On the same day the justice issued a citation to Whitcomb to appear before him on the 7th June then next, and shew cause

why he should not be held to pay the Am$^t$ of said execution with damages interest & costs agreeably to the statute.

And it further appears, that both parties appeared before the Justice on the said 7th day of June—Whitcomb admitted that he had rec$^d$ the execution for collection and that he had not levied the same—Collected the money thereon, nor committed the debtor, Chamberlin to prison, and showed no cause satisfactory to the Justice, why judg$^t$ should not be entered against him for the Am$^t$ of the execution &c.

Whereupon the said Justice entered a judg$^t$ against said Whitcomb for the said $88.20 the Am$^t$ of said ex$^n$ with twenty five per cent. damages on the original judg$^t$ interest & costs—computed at $32.06, Amounting in the whole to $120.36—

To these proceedings the Plf. in Error objects—First—That the execution alluded to, had been renewed by the Justice on the 22$^d$ day of May 1837 & consequently had not expired at the time the judg$^t$ was entered against him—

It does not appear by the return, that any evidence was offered on the hearing before the Justice, upon the said motion— of such renewal of the ex$^n$ the Justice certifies that on the s$^d$ 22$^d$ of May a renewal was endorsed on the ex$^n$ at the *instance* of Whitcomb, without the request or consent of the creditor.

Had that fact been proved before the justice it could not have availed the party—

When the execution expired in the hands of the officer, without a levy or return being made, the right of the creditor to a judg$^t$ against the officer or his sureties, immediately vested & could not be defeated or delayed by a renewal of the ex$^n$ made by the procurement of the officer himself—

Again it is insisted the proceeding is erroneous, because the Am$^t$ of the judg$^t$ entered against the officer exceeds the sum $100. beyond which, it is contended a Justice's jurisdiction does not extend—

We think this objection is not well founded, the Statute provides a two fold remedy for the creditor, in case the officer neglect to serve or return the execution—he may bring an action of debt against the officer himself, or his securities in which case he must resort to a court having jurisdiction of the *Amount,* of the judg$^t$ sought to be recovered. Or, if he choose to rely on the responsibility of the officer alone, on his own motion, the justice may cite the officer before him, to shew cause why he should not be held to pay the Am$^t$ of the Ex$^n$ And unless good cause be shewn execution shall issue against him for the Am$^t$ of the original ex$^n$ with 25 pr. ct. dam$^s$ interest & costs.

This is a summary proceeding provided for this class of cases alone, the justice derives his power to act in the matter, from the particular section of the Act creating this remedy, not from the first section which confers his general jurisdiction.

It can hardly be said that the magistrate performs a judicial act in these cases, the facts of which he is to enquire are whether the ex$^n$ has been served & returned, or discharged by the creditor, which must generally appear by his own files & records—he is the mere agent thro. which the law declares its judg$^t$—the measure by which the Am$^t$ of the judg$^t$ is determined, is fixed by the statute—the justice is simply to make the computation.

The judg$^t$ below must be confirmed with costs.